UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RAJITHA MARSHALSTEEVAN,<br><br>Defendant. | Case No. 23-cv-05088-PCP<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY**<br><br>Re: Dkt. No. 23 |

Plaintiff Travelers Commercial Insurance Company has brought this breach of contract action against defendant Rajitha Marshalsteevan seeking to enforce the parties' purported agreement to settle Ms. Marshalsteevan's claims after she was seriously injured by a driver insured by Travelers. Ms. Marshalsteevan has moved to dismiss or stay this case out of deference to a pending state court suit between the parties under *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). The motion is denied and this case may proceed.

When there are concurrent actions in state and federal court, "the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colorado River*, 424 U.S. at 817 (cleaned up). Federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Id.* In "rare cases," though, "the presence of a concurrent state proceeding permit[s] the district court to dismiss a concurrent federal suit for reasons of wise judicial administration." *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977–78 (9th Cir. 2011) (cleaned up) (citing *Colorado River*, 424 U.S. at 818).

"To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the district court must carefully consider both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *R.R. Street*,

656 F.3d at 978 (cleaned up). These factors are: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Id.* at 978–79. Both parties recognize that the final factor can be dispositive. "[A] district court may enter a *Colorado River* stay order only if it has full confidence that the parallel state proceeding will end the litigation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

The Court takes judicial notice of Ms. Marshalsteevan's state court complaint against Travelers' insured, which alleges general negligence and seeks damages for the injuries she suffered. *See* Complaint, *Marshalsteevan v. Le*, Dkt. No. 23-3. Ms. Marshalsteevan argues in her motion that insured's affirmative defense of accord and satisfaction will "dispense with" Travelers's breach of contract claim here. Travelers contends that it will not, arguing that accord and satisfaction is distinct from settlement, that Travelers is not a party in the state action, and that the state action could not resolve other aspects of its breach of contract claim in this action including breach, causation, and damages.

Ultimately, Ms. Marshalsteevan has not demonstrated that the state proceedings will end this litigation. Even if the parties' alleged settlement may be relevant as a defense in the state case, Travelers seeks remedies that go beyond what the insured might obtain by a successful defense in the state case. Because the Court does not have full confidence that this case will be resolved by the state action, a dismissal or stay is not warranted. Ms. Marshalsteevan's motion is therefore denied.

**IT IS SO ORDERED.**

Dated: March 27, 2024

P. Casey Pitts
United States District Judge